UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

PYRAMID ENTERTAINMENT GROUP,
INC.,

            Plaintiff,

  -against-

DENNIS EDWARDS, HI-C MANAGEMENT
& PRODUCTION, INC. and PARADISE
ARTISTS, INC.,

            Defendants.

-------------------------------------------------------X

08 CIV.
ECF Case

COMPLAINT

Jury Trial Demanded



Pyramid Entertainment Group, Inc. through its attorneys Cinque & Cinque, P. C. as and for its complaint alleges:

## JURISDICTION AND PARTIES

1. Plaintiff Pyramid Entertainment Group, Inc. ("Pyramid") is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York. Pyramid is in the business *inter alia* of booking recording artists and performers for live personal appearances at concerts, clubs and other engagements.

2. Defendant Dennis Edwards ("Edwards") is a resident of a State other than New York and is a member of the performing group known as "The Temptations Review Featuring Dennis Edwards" (the "Review"). The Review is engaged in the business of making live personal appearances at concerts, clubs and other engagements. Edwards has

consented to the exclusive jurisdiction of New York courts to resolve the claims asserted herein.

    3. Defendant Hi-C Management & Production, Inc. ("Hi-C") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Florida.  Hi-C is engaged in the business of providing personal management services to recording artists and performers, and is the personal manager for the Review.  Hi-C has consented to the exclusive jurisdiction of New York courts to resolve the claims asserted herein.

    4. Defendant Paradise Artists, Inc. ("Paradise") is a corporation organized and existing under the laws of the State of California, with its principal place of business in California.  Paradise is engaged in the business of booking recording artists and performers for live personal appearances at concerts, clubs and other engagements, and does business in the State of New York.

    5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of diverse states.

## RELEVANT FACTS

    6. Prior to January 1, 2007 Paradise had acted as a booking agent for the Review.

    7. By written agreement signed by Edwards and Hi-C on October 23, 2006, and by

Pyramid on October 25, 2006 (the "Agreement," a copy of which is annexed hereto as Exhibit "A" and incorporated by reference), Edwards and Hi-C engaged Pyramid as the Review's sole and exclusive booking agent with respect to live personal appearances at concerts. clubs and other engagements throughout the world, during the period beginning on January 1, 2007 and expiring on January 1, 2010 at the earliest.

8. Pursuant to paragraph 3 of the Agreement Edwards and Hi-C agreed to pay Pyramid a commission of 10% of the gross compensation of any engagement of the Review booked through Pyramid plus a commission of 4% of the gross compensation of any engagement of the Review booked directly by Edwards and Hi-C.

9. Pursuant to paragraph 4 of the Agreement, Pyramid loaned Edwards and Hi-C the sum of $100,000.00, which was to be repaid to Pyramid at the rate of $1,500.00 per engagement of the Review.

10. On November 9, 2006 Hi-C advised Paradise in writing that the Review had reached an agreement with Pyramid, under which Pyramid would "serve as exclusive agents for the group in question" for the period which "will officially begin on January 1, 2007 through January 1, 2010."

11. During the period January 1, 2007 to date, Edwards and Hi-C booked personal appearances of the Review through Paradise and other booking agents, in violation of the Agreement.

12. During the period January 1, 2007 to date, Edwards and Hi-C directly booked

personal appearances of the Review.

13. By letter dated December 18, 2007 Hi-C attempted to unilaterally change the terms of the Agreement, in violation of paragraph 11, by eliminating Pyramid's exclusivity despite the facts that the term of the Agreement had not yet expired, and in addition that Hi-C acknowledged that $60,000.00 remained due and owing on the $100,000.00 loan given by Pyramid and paragraph 4(c) of the Agreement gave Pyramid the option of extending the term of the Agreement until the loan had been fully repaid. Furthermore, Hi-C attempted in its December 18, 2007 letter to abrogate Pyramid's right to collect $1,500.00 per engagement of the Review and a commission of 4% of the gross compensation of engagements booked directly by Edwards and Hi-C.

14. By letter dated December 20, 2007 to Edwards and Hi-C, Pyramid rejected Hi-C's December 18, 2007 letter and demanded its retraction and a statement under oath listing all of the Review's personal appearances at concerts, clubs and other engagements throughout the world beginning on January 1, 2007, together with copies of all contracts relating to said engagements. Edwards and Hi-C failed to provide the information requested by Pyramid.

## FIRST CLAIM FOR RELIEF AGAINST EDWARDS AND HI-C

### (Breach of Contract)

15. Edwards and Hi-C have breached the Agreement by, *inter alia*:

    (a) permitting Paradise and other booking agents to book the Review for

live personal appearances at concerts, clubs and other engagements throughout the world;

    (b) failing to pay Pyramid 4% of the Review's gross compensation from appearances after January 1, 2007 booked directly by Edwards and Hi-C;

    (c) failing to pay Pyramid $1,500.00 for each engagement of the Review subsequent to January 1, 2007;

    (d) failing to repay Pyramid the amount of $60,000.00 which Edwards and Hi-C admit is still due in connection with Pyramid's $100,000.00 loan;

    (e) demanding that Pollstar, the world's largest resource for concert touring information and publisher of trade publications for the concert industry, modify an advertisement placed by Pyramid in a Pollstar directory of booking agents by deleting reference to the Review as a client of Pyramid;

    (f) authorizing Paradise and other booking agents to hold themselves out to Pollstar as booking agents for the Review; and

    (g) anticipatorily breaching the Agreement through their December 18, 2007 letter.

    16. Pursuant to paragraph 6 of the Agreement Edwards and Hi-C acknowledged that the Review's services were unique, that a breach of the Agreement would cause irreparable injury to Pyramid, and that Pyramid was entitled to seek injunctive relief to prevent a breach of the Agreement.

    17. By reason of the foregoing, Pyramid has sustained damages in the minimum

sum of $75,000.00.

## SECOND CLAIM FOR RELIEF AGAINST PARADISE

### (Intentional Interference With Contract)

18. Pyramid repeats the allegations contained in paragraphs "1" through "16" of the complaint.

19. A valid contract exists between Pyramid on the one hand and Edwards and Hi-C on the other hand.

20. Paradise had knowledge of this contract since November 9, 2006.

21. Paradise intentionally procured a breach of the Agreement by Edwards and Hi-C, by booking the Review in violation of Pyramid's exclusivity.

22. As a result of the foregoing, Pyramid has been deprived of the commissions due it pursuant to the terms of the Agreement, and has thereby sustained damages in the minimum sum of $75,000.00.

23. Paradise's interference with Pyramid's contractual rights was willful, wanton and malicious, entitling Pyramid to recover punitive damages in the minimum sum of $100,000.00.

WHEREFORE, Pyramid demands judgment against defendants as follows:

(a) on the First Claim for Relief against Edwards and Hi-C for compensatory damages in the minimum sum of $75,000.00 and for injunctive relief prohibiting said defendants from engaging the services of another booking agent in violation of Pyramid's

exclusivity;

(b) on the Second Claim for Relief against Paradise, for compensatory damages in the minimum sum of $75,000.00, and punitive and exemplary damages in the minimum sum of $100,000.00 as may be assessed by the trier of fact; and

(c) interest, costs, disbursements and other relief the Court deems just and proper.

                                                CINQUE & CINQUE, P. C.

By: /s/ J. Cinque
     James P. Cinque (JPC-3673)
Attorneys for Plaintiff
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone No.: (212) 759-5515
Telefax No.:   (212) 759-7737
Email:   CINQUE845@aol.com



**PYRAMID ENTERTAINMENT GROUP INC.** 377 Rector Pl. Suite 21A   NEW YORK, NEW YORK 10280   (212) 242-7274   FAX: (212) 242-6932

FROM: Sal Michaels
RE: The Temptations Review Featuring Dennis Edwards  TAX ID # 43-1776332

1. The term of this agreement (the "Term") shall begin on January 1st, 2007 and remain until Thirty-Six (36) months thereafter.

2. HI-C Management f/s/o The Temptations Review featuring Dennis Edwards ("You") hereby engage Pyramid Entertainment Group, Inc ("Company") and Company accepts such engagement as your sole and exclusive booking agent during the Term hereof with respect to live personal appearances at concerts, clubs, and other engagements throughout the world, and, upon a non-exclusive basis, for the purpose of securing commercial(s), tour sponsorships and endorsements on your behalf.

3. You agree to pay Company as and when received by You, a sum equal to Ten percent (10%) of the gross compensation of any engagement booked through Company during the Term or after the Term hereof if contracted during Term. If engagements are booked as a result of You, Company shall be entitled to issue the engagement contract and collect Four percent (4%) of the gross compensation. You shall reserve the right to issue engagement contract if You so choose and pay Company the commission of 4% of the total guarantee no later than 5 business days following the engagement. In the event that You book engagements outside of North America, Company shall be entitled to Zero percent (0%) commission. In the event that You book a "track" engagement, Company is entitled to Zero percent (0%) commission. Company is irrevocably authorized to turn over all payments due to You no later than Five (5) business days following engagement.

4.(a) Company hereby agrees to advance You a sum of One-Hundred Thousand Dollars ($100,000.00) or ("the Loan") upon the beginning of the Term, so that you will then owe Company the Loan.

4.(b) In addition to Company's commission set forth in paragraph 3 above, Company is entitled to collect an additional One-Thousand-Five-Hundred Dollars ($1,500.00) from the gross compensation per engagement, until the Loan is fully repaid.

4.(c) If the Loan is not fully repaid by the end of the Term pursuant to the terms of paragraphs 4b, Company will at that time thereafter have the option of either:

EXHIBIT A                                                       HMC initial

(1) declaring the unpaid balance of the Loan immediately due and payable by You; or (2) extending the term of this agreement until the Loan has been fully repaid.

4.(d) By executing this agreement, You grant permission for Company to take out an insurance policy to be paid for by Company to cover the potential loss of the Loan in case of any unfortunate event that would render You incapable of performing and therefore incapable of repaying the Loan.

5. Company and any person authorized by Company shall have the right to use your name, approved likeness (including, but not limited to, pictures, portraits, and caricature) and approved biographical material in connection with advertising and publicity respecting your services hereunder.

6. You acknowledge and agree that your services as a performer are of special, unique and extraordinary character, the loss of which cannot be reasonably or adequately compensated for in a action at law, and that any breach of the agreement or interference with its terms by You, or any third party, would cause Company irreparable damage. Accordingly, Company shall be entitled to see injunctive relief in addition to any other rights or remedies available to Company in order to prevent or cure any breach of this agreement.

7. You warrant and represent that You have the full right, power and authority to enter into and fully perform this agreement, and that you are under no disability or restriction that may interfere with the full and complete performance of your obligations hereunder.

8. You warrant and represent that You are not party to or bound by, and during the Term hereof, you shall not become a party to or be bound to any agreement which is or could be inconsistent with this agreement or the performance or your obligations hereunder.

9. You will at all times indemnify and hold harmless Company from and against all claims, damages, liabilities, costs and expenses, including reasonable counsel fees, arising out of any breach by you or any warranty, representation or agreement made by you herein, provided that company gives you prompt notice of any such claim. You may contest the claim in Company's name and behalf, but at your sole cost and expense. Company will execute such documents and such things as are reasonably necessary to assist you.

10. This agreement shall be governed by and construed according to the laws of the State of New York. The parties hereto consent to the exclusive jurisdiction of the courts of the State of New York, and of any federal court located in such state, in connection with any action, or proceeding, arising out of, or related to this agreement.

*initial*

10/22/2006  09:03    3143720995              DEP PRODUCTIONS                PAGE 01
OCT-23-06 11:23 AM                                                          P.03

11. This writing constitutes the entire contract between the parties hereto, and may no be changed, or modified except by an agreement in writing signed by both You and Pyramid Entertainment Group Inc.

If the foregoing correctly sets forth our understanding, please indicate your acceptance by signing in the space provided below.

Very Truly Yours,

Pyramid Entertainment Group, Inc.

AGREED & ACCEPTED:

X _____        23 OCT 06
Dennis Edwards                      Date
SS# _ - _ - _  [REDACTED]

X _____        Oct. 23-06
Ben Crosby for HJ-C Management      Date
SS# _ - _ - _

X _____        10/25/06
Sal Michaels for Pyramid Entertainment Group, Inc.   Date